**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50016 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-01653-DMS-1 |
| v. | |
| HEIDY CASTELLANOS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Argued and Sumitted May 6, 2013
Pasadena, California

Before: PAEZ, IKUTA, Circuit Judges, and SEEBORG, District Judge.[**]

Defendant-Appellant Heidy Castellanos challenges her conviction and

sentence following a jury trial in which she was convicted of conspiracy to import

and importation of marijuana, in violation of 21 U.S.C. §§ 952, 960, 963 and 18

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Richard Seeborg, United States District Judge for the Northern District of California, sitting by designation.

U.S.C. § 2.  Specifically, Castellanos challenges the district court's admission of post-arrest statements without an evidentiary hearing, refusal to give a "mere presence" jury instruction, admission of certain expert testimony, and the application of a two-level sentencing enhancement for obstruction of justice.  We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and we affirm.

Castellanos forfeited any objection to the admission of her post-arrest statements by not asking the court to revisit its tentative ruling denying the motion to suppress.  As a result, Castellanos must show plain error in the admission of the statements.  *See United States v. Olano*, 507 U.S. 725, 731-34 (1993); *United States v. McInnis*, 976 F.2d 1226, 1231 n.3 (9th Cir. 1992).  The totality of the circumstances indicate that Castellanos knowingly and intelligently waived her *Miranda* rights before making the statements.  *United States v. Garibay*, 143 F.3d 534, 536 (9th Cir. 1998).  Moreover, it was defense counsel, not the government in its case-in-chief, who initially introduced those statements into evidence.  The government merely responded by cross-examining Castellanos on those statements.  The government's questions regarding those statements, cannot constitute plain error.  *See e.g., United States v. Havens*, 446 U.S. 620, 627-28 (1980); *United States v. Echavarria-Olarte*, 904 F.2d 1391, 1397 (9th Cir. 1990).

The district court did not err in choosing to use the standard Ninth Circuit pattern jury instructions on knowledge and conspiracy rather than adopting Castellanos's proposed "mere presence" instruction. The instructions given required the government to prove beyond a reasonable doubt that Castellanos knowingly participated in a plan to import marijuana, and did not "merely associat[e] with one or more persons who are conspirators." Ninth Cir. Crim. Jury Instr. 8.20 (defining conspiracy elements); *see also United States v. Reed*, 575 F.3d 900, 925-26 (9th Cir. 2009). The government was also required to prove that Castellanos knowingly brought a prohibited drug into the United States. Ninth Cir. Crim. Jury Instr. 9.32 (defining unlawful importation of a controlled substance). In addition, "knowingly" was defined according to the model instructions, addressing Castellanos's concern that "mere presence" was an insufficient basis for conviction. The substance of the district court's jury instructions was legally accurate and the refusal to give Castellanos's proposed instructions on "mere presence" was not an abuse of discretion.

The district court's admission of expert testimony that drug trafficking organizations "wouldn't use an unknowing courier" was not an abuse of discretion. The evidence was introduced to rebut the contention that Castellanos was "induced" to travel to Mexico by her co-defendants and that she did not know of

3

the marijuana in the car until they were stopped at the border crossing. Castellanos's counsel had a full opportunity to cross-examine the expert witness on his opinions. The jury was not left with the impression that drug trafficking organizations could *never* use an "unknowing courier," and the question of knowledge was thus not improperly eliminated from the elements of the crime that must be found by the jury. *See United States v. Sepulveda-Barraza*, 645 F.3d 1066, 1070-72 (9th Cir. 2011).

Finally, a defendant who commits perjury has committed an "obstruction of justice" for sentencing enhancement purposes. U.S.S.G. § 3C1.1 cmt. n.4(b). In finding that Castellanos committed perjury, the district court did not rely simply on the jury's finding of guilt, but indicated that it had concluded Castellanos gave willfully and materially false testimony regarding whether she had knowledge of the marijuana in the car. This factual finding is supported by the record, and shows there is no clear error in the application of the obstruction of justice enhancement. The resulting 41-month prison sentence is not contrary to law.

**AFFIRMED**.